USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2022

**Harmon, Linder & Rogowsky**
*Attorneys at Law*
3 Park Avenue, 23rd Floor
Suite 2300
New York, NY 10016
Tel. (212) 732-3665
Fax. (212) 732-1462

David Harmon, Esq. *
*(1917-2013)
Mark J. Linder, Esq.
Ira Rogowsky, Esq.
Thomas A. Graci, Esq.
Bret Myerson, Esq.
Michelle Jean-Jacques, Esq.

Keith Mininson, Esq.
Eric Mausolf, Esq.
Brett I. Bloom, Esq.
Pawel Jankowski, Esq.
Thomas Mutone, Esq.
Melissa Klafter, Esq.
Jordan Byrd, Esq.

December 28, 2022

**VIA ELECTRONIC FILING**
Honorable Magistrate Judge Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Yahya N. Jahmee vs. Burak Express, Inc. and Thomas E. Harding
            Civil Docket No.: 20-CV-03271 (LAK) (RWL)

Dear Judge Lehrburger:

    This office represents the plaintiff, Yahya N. Jahmee, in the above referenced matter and jointly submits this letter to request a stay of all proceedings to allow the deceased plaintiff to substitute an estate entity.

    By Order dated September 28, 2022 [Dkt No. 25], the Court extended the time to complete fact discovery herein to December 29, 2022 due to Plaintiff's submission on May 26, 2022, in the Surrogates Court requesting letters of administration to appoint Nasrallah Mohamed as administration of estate over the deceased Plaintiff Yahya N. Jahmee's Estate. We are still waiting for the Surrogates Court to approve the letters of administration appointing an estate substitute and we are unable to meet the Court's deadline of December 29th.

    Plaintiffs' counsel had hired an outside counsel, Larry Flait, to handle filing the petition with the Surrogate Court to appoint an administrator for the deceased Plaintiff Yahya N. Jahmee. Mr. Flait has indicated to plaintiff's counsel that there were enormous delays in the Surrogate Court primarily due to the pandemic situation. Specifically, Mr. Flait communicated to Plaintiff's counsel that we would not be able to meet the Court's deadline to substitute an administrator before December 29, 2022 due to the delays occurring in Surrogate Court.

    Counsel for the Defendants has raised an issue with the fact that Yahya N. Jahmee is no longer a proper party inasmuch as the Court has no jurisdiction over the Decedent. Defense counsel suggests that Mr. Jahmee's Estate is now the proper party and that a substitution must take place pursuant to FRCP 25 before any further proceedings can be held. Defense counsel points out that the substitution cannot be made until the Surrogates Court appoints an estate substitute. Defense counsel further avers that the time limitations under FRCP 25 may not begin to run until Surrogates Court appoints an estate substitute, and as such, a stay is necessary. Defense counsel relies on a case from the United States District Court for the Northern District of California, *Grimes v. Chisum,* Case No. 16-cv-01488-WHO, and submits the enclosed Order for this Court's consideration.

As such, the Court should stay the matter to allow time for a substitution to be made by the parties. The parties have conferred to discuss this matter and respectfully submit this joint request for a stay of the proceedings until the Surrogate Court appoints an estate substitute for the deceased plaintiff and to allow the parties to proceed with discovery in the case.

It is respectfully submitted that we cannot proceed with discovery unless and until the substitution of estate for the deceased plaintiff is granted and resolved.

The parties respectfully request that the Court stay the matter to allow the Surrogates Court to grant the deceased Plaintiff an estate substitution.

We thank the Court for the Court's continued courtesies and consideration.

Respectfully submitted,

*Michelle Jean-Jacques*
By: Michelle Jean-Jacques, Esq.

cc: **Via ECF and Email**
Tomas B. Lim, Esq.
Leary, Bride, Mergner & Bongiovannie, PA
Attorneys for Defendants

Encl.

The case is stayed pending recognition of the estate. The parties shall file a joint status report every 90 days or, if earlier, within 7 days of Surrogate's Court recognition of the estate.

SO ORDERED:

12/29/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE